NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**TRAVEL SENTRY, INC.,**
*Plaintiff-Appellee*

**v.**

**DAVID A. TROPP,**
*Defendant-Appellant*

_____

2021-1908

_____

Appeal from the United States District Court for the Eastern District of New York in No. 1:06-cv-06415-ENV-RLM, Senior Judge Eric N. Vitaliano.

-----------------------------------------------

**DAVID A. TROPP,**
*Plaintiff-Appellant*

**v.**

**CONAIR CORPORATION, HP MARKETING CORP., LTD., MAGELLAN'S INTERNATIONAL TRAVEL CORPORATION, TITAN LUGGAGE USA, TRG ACCESSORIES, LLC,**
*Defendants*

**BRIGGS & RILEY TRAVELWARE LLC, DELSEY**

**LUGGAGE INC., L.C. INDUSTRIES, LLC, OUTPAC DESIGNS INC., TRAVELPRO INTERNATIONAL INC., VICTORINOX SWISS ARMY, INC., WORDLOCK, INC.,**
*Defendants-Appellees*

————————————

2021-1909

————————————

Appeal from the United States District Court for the Eastern District of New York in No. 1:08-cv-04446-ENV-RLM, Senior Judge Eric N. Vitaliano.

————————————

Decided:  February 14, 2022

————————————

WILLIAM L. PRICKETT, Seyfarth Shaw LLP, Boston, MA, argued for Travel Sentry, Inc., Briggs & Riley Travelware LLC, Delsey Luggage, Inc., L.C. Industries, LLC, Outpac Designs, Inc., Travelpro International Inc., Victorinox Swiss Army, Inc., and Wordlock, Inc.

ERIC A. WHITE, Mayer Brown LLP, Washington, DC, argued for David A. Tropp.  Also represented by JAMIE B. BEABER, ANDREW JOHN PINCUS; ROBERT G. PLUTA, Chicago, IL.

PETER BERNSTEIN, Scully, Scott, Murphy & Presser, Garden City, NY, for defendant-appellee Briggs & Riley Travelware LLC.

MICHAEL A. SCHOLLAERT, Baker Donelson Bearman Caldwell & Berkowitz, PC, Baltimore, MD, for defendant-appellee Delsey Luggage Inc.  Also represented by EMILY R. BILLIG.

————————————

Before LOURIE, SCHALL, and TARANTO, *Circuit Judges*.

PER CURIAM.

These two patent cases involve David Tropp's U.S. Patent Nos. 7,021,537 and 7,036,728. The district court granted summary judgment against Mr. Tropp on the ground that all the at-issue claims of those patents—of which the parties agree claim 1 of the '537 patent is representative—are invalid because they claim ineligible subject matter under 35 U.S.C. § 101. *Travel Sentry, Inc. v. Tropp*, 527 F. Supp. 3d 256, 259 (E.D.N.Y. 2021). Mr. Tropp appeals. We affirm.

The district court correctly held representative claim 1 ineligible. The claim recites a method of making available to consumers a dual-access lock having a combination-lock portion and a master-key-lock portion, marking it so that luggage screeners know a master key will open it, agreeing with a screening entity that its luggage screeners will use the key to open a marked bag if opening is necessary, and marketing the luggage to consumers as subject to this screening process. The district court summarized: The claim "essentially describe[s] the basic steps of using and marketing a dual-access lock for luggage inspection, a long-standing fundamental economic practice and method of organizing human activity." *Id.* at 265.

The court properly held the claim to be directed to an abstract idea, noting that our precedents consistently recognize the abstract character of such practices and methods. *See, e.g.*, *Intellectual Ventures I LLC v. Symantec Corp.*, 838 F.3d 1307, 1313 (Fed. Cir. 2016). The court also properly held that Mr. Tropp identified no "inventive concept" in the claim's details—in particular, in the claim's reference to a "special" lock. *Travel Sentry*, 527 F. Supp. 3d at 267–69. No "technical specifications or concrete improvements," or identification of what physical changes are made to the lock mechanism to make the lock "special," is

found in the claim (or, for that matter, the specification), *id.* at 266, an absence that "only highlight[s] the generic nature" of the "special lock" and other details to which Mr. Tropp pointed, *id.* at 268. And there is no genuine dispute about the fact that dual-access (combination/key) locks were familiar and used in luggage screening, with bags identified by a tag to enable such use. *Id.* at 268–69. In these circumstances, the claim fails to pass muster under both steps of the eligibility inquiry. *See Simio, LLC v. FlexSim Software Prods., Inc.*, 983 F.3d 1353, 1364 (Fed. Cir. 2020) (observing that where the focus of the claimed advance is abstract, an abstract-idea improvement cannot transform the ineligible claim into an eligible one).

In this court, Mr. Tropp argues that claim 1 is directed to "the creation of novel physical locks with a uniform master key (that works with a variety of locks that have different locking mechanisms)." Tropp Opening Br. 18. This contention raises at least two substantial questions bearing on eligibility under § 101: Does the claim, properly construed, *require* a dual-access lock in which the key for the master-key lock portion is the same for different combination-lock mechanisms? And if so, could the claim pass muster under § 101 in the absence of anything in the specification, or even in the summary judgment record, that provides details regarding the physical makeup, mechanism, or operation of such a lock indicating a concrete technical advance over earlier dual-access locks? *See, e.g.*, *Affinity Labs of Tex., LLC v. DIRECTV, LLC*, 838 F.3d 1253, 1258–59 (Fed. Cir. 2016) (holding invalid under § 101 a claim that "is drawn to the [abstract] idea itself" instead of "*how* to implement" it and noting that "[e]ven if all the details contained in the specification were imported into the [patent] claims, the result would still not be a concrete implementation of the abstract idea"); *Apple, Inc. v. Ameranth, Inc.*, 842 F.3d 1229, 1241 (Fed. Cir. 2016). But we do not address those questions, because Mr. Tropp has not preserved this argument for eligibility.

In his opposition to the § 101 summary judgment motion, Mr. Tropp referred to the "special lock having a combination lock portion and a master key lock portion" and the "identification structure" as the claimed improved "physical components." J.A. 1659 (internal quotation marks and citation omitted). Nothing in that opposition argued that the inventive concept in the claims was, or included, the creation of a new dual-access lock with a master key capable of opening dual-access locks whose combination-lock mechanisms differed from one another. We need not evaluate Mr. Tropp's opposition to a different summary judgment motion (concerning prior art invalidity) or the statement of disputed facts under Local Civil Rule 56.1 to determine whether they contained meaningful assertions about physical changes in the locks. In his opposition to the § 101 motion, Mr. Tropp did not argue for the § 101 significance of the lock-mechanism improvement he now asserts to be required, an argument materially different from what he did argue. We decline to upset the district court's judgment based on an argument like this made for the first time on appeal. *See, e.g., Icon Health & Fitness, Inc. v. Strava, Inc.*, 849 F.3d 1034, 1040 (Fed. Cir. 2017).

**AFFIRMED**